NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COLIE L. DAVIS,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5043

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0292, Judge Marian Blank Horn.

---

Decided: November 14, 2013

---

JOHN E. FITZGIBBONS, John Edward Fitzgibbons, PC, of Denver, Colorado, for plaintiff-appellant.

RENEE GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge,* LOURIE, and O'MALLEY,
*Circuit Judges.*

PER CURIAM.

The Court of Federal Claims dismissed Mr. Colie Davis's claims for retirement pay for lack of jurisdiction. The Claims Court held the six-year statute of limitations had run for Mr. Davis's claims. *Davis v. United States*, 108 Fed. Cl. 331 (2012). Because the Claims Court properly held that the limitations period had expired and that Mr. Davis's claims were not continuing, this court affirms.

I.

Mr. Davis was inducted into the Army in 1965 and, except for a period between 1967 and 1968, was on active duty until 1986. *Davis*, 108 Fed. Cl. at 334. In 1982, the Army informed Mr. Davis by letter that he was barred from reenlisting at the end of his then-current term of service, set to expire September 28, 1985. *Id.* Nevertheless, on June 18, 1985, Mr. Davis applied at Fort Jackson, South Carolina, to extend his enlistment to May 31, 1986. This extension would allow him to retire with 20 years of service. *Id.* at 335. Mr. Davis had travelled from Germany to Fort Jackson (so he could retire in the U.S.) and, when he applied for reenlistment, Mr. Davis's file did not contain the bar letter. *Id.* Without notice of the bar letter, the officials in South Carolina approved his reenlistment.

Before Mr. Davis completed the extended term, however, the reenlistment personnel discovered the bar. *Id.* The Army appointed an Administrative Elimination Board on January 15, 1986, to investigate whether Mr. Davis should be discharged for "fraudulent entry" (material misrepresentation, omission, or concealment of information) related to extending his term of service. *Id.* at 335–36. The Elimination Board unanimously found

fraudulent entry. Accordingly, Mr. Davis was discharged on April 4, 1986 under a "general discharge." *Id.*

On November 2, 2009, Mr. Davis filed an application to the Army Board for Correction of Military Records (ABCMR) to correct his records regarding fraudulent entry. The ABCMR denied his application on August 3, 2010. *Id.* at 336–37. Mr. Davis then filed a complaint in the Claims Court, as amended, on July 3, 2012. *Id.* at 337; J.A. 18. Mr. Davis claimed the decisions of the Elimination Board and the ABCMR were erroneous and that his discharge was unlawful. As relief, Mr. Davis sought active duty back pay for early discharge, "retirement pay" from the end of his sought reenlistment period through the present and continuing forward, and "back retired pay" from then through the present. He also sought alteration of his military records. *Davis*, 108 Fed. Cl. at 334; J.A. 18, 23–24.

The Claims Court dismissed the claims due to the six-year statute of limitations on Tucker Act jurisdiction. *Davis*, 108 Fed. Cl. at 338–40. The court applied *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc), which states:

> The service member therefore has the right to sue immediately upon discharge for the funds improperly being withheld. Moreover, the courts have made clear that a Tucker Act claim for back pay accrues all at once at the time of discharge; the claim for back pay is not a "continuing claim" that accrues each time a payment would be due throughout the period that the service member would have remained on active duty.

The Claims Court held that "[a] date-of-discharge rule applies to wrongful discharge claimants seeking back pay, whether labeled by plaintiff's counsel as 'back pay,' 'retirement pay,' or 'back retired pay.'" *Davis*, 108 Fed. Cl. at 340. Accordingly, the statute of limitations had long-

expired because "Mr. Davis' claims accrued when all events that fixed plaintiff's pay claims occurred after the Administrative Elimination Board issued its recommendation to discharge plaintiff, and plaintiff received his general discharge on April 4, 1986." *Id.*

The court further rejected Mr. Davis's argument that the periodic non-payments were "continuing claims" because Mr. Davis's claims stem from "a single distinct event, although with later adverse effects." *Id.* at 343. Mr. Davis appeals.

## II.

This court reviews de novo the Claims Court's determination that it lacks jurisdiction for a claim barred by a statute of limitations. *See, e.g.*, *Wells v. United States*, 420 F.3d 1343, 1345 (Fed. Cir. 2005); *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1454 (Fed. Cir. 1997). The Claims Court's jurisdiction in this case stems from the Military Pay Act, 38 U.S.C. § 204 (2012), and the Tucker Act, 28 U.S.C. § 1491(a)(1) (2012). Jurisdiction under the Tucker Act is bound by a six-year statute of limitations. 28 U.S.C. § 2501. The statute of limitations is strictly construed. *Brown Park Estates*, 127 F.3d at 1454. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## III.

On appeal, Mr. Davis continues to argue the merits of his wrongful discharge claim. Mr. Davis argues that Army Regulations create a "sanctuary period" between 18 and 20 years of service which should have precluded his discharge. Appellant's Br. 12–14. Mr. Davis also argues that an improper military body discharged him. *Id.* at 14–15.

Regarding the statute of limitations, Mr. Davis argues *Martinez* is distinguishable because that case was for back pay, not an "ongoing claim for retirement pay." *Id.*

at 15–17. Mr. Davis also argues his claim is a "continuing claim" under, e.g., *Wells*. Mr. Davis claims that every month he does not receive retirement pay gives rise to a continuing claim. Appellant's Br. 15. Mr. Davis asserts that his claim "can be broken down into a series of independent and distinct wrongs or events." *Id.* at 26.

Upon review, this case falls squarely within the rule of *Martinez*. Regardless of the characterization of the claim as "back pay," "retirement pay," or "back retired pay," *Martinez* governs in this case because the statute of limitations started running at the time of Mr. Davis's discharge in 1986. A claim accrues "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quoting *Goodrich v. United States,* 434 F.3d 1329, 1333 (Fed. Cir. 2006)). In this case, the claim accrued at the time of discharge. Indeed, Mr. Davis continues to argue the merits of the alleged wrongful discharge as the basis for the relief sought, an apparent admission that the discharge initiated the claim.

This court also agrees with the Claims Court that Mr. Davis's claims are not "continuing." Mr. Davis's claims for relief depend exclusively on his alleged wrongful discharge that occurred in 1986, rather than any events that occurred each time a check was withheld. *Wells* does not alter this conclusion. In *Wells*, this court held that a continuing claim arose where the government violated a specific statutory provision each month by garnishing wages from Wells's retirement pay above the statutory limit. The statute expressly provided for monthly deductions to satisfy debts, but the amount was strictly limited. 420 F.3d at 1346–47. *Wells* distinguished such repeated statutory violations from cases like Mr. Davis's where the government purportedly committed:

one alleged wrong[,] . . . which accrued all at once at one point in time, even though it may have had later adverse effects[,] . . . such as nonpayment of annuities or wages, [and which] were not independently accruing violations of any statutes or regulations in themselves, but rather were merely damages resulting from the single earlier alleged violation by the government . . . .

*Id.* at 1346 (quoting *Brown Park Estates*, 127 F.3d at 1457). Mr. Davis's claims are based on a single, distinct event. They are not "inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates*, 127 F.3d at 1456.

## IV.

In sum, this court rejects Mr. Davis's arguments that the claim for retirement pay is a "continuing claim." Mr. Davis's remaining arguments regarding the statute of limitations have been carefully considered and found unpersuasive. Because Mr. Davis's claim is barred by the statute of limitations, this court declines to comment on Mr. Davis's arguments about the merits of his wrongful discharge allegations. And because the Claims Court did not err in dismissing the case for lack of jurisdiction, this court affirms.

**AFFIRMED**